UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
JOSEPH PAGAN, individually and on behalf of   :
all others similarly-situated,
         Plaintiff,   :
                                     :   **ORDER**
v.   :
                                     :   22 CV 1589 (VB)
ALVIN AND FRIENDS, LLC, ALVIN   :
CLAYTON, and GWEN CLAYTON,
         Defendants.   :
--------------------------------------------------------------x



Briccetti, J.:

       On December 9, 2022, plaintiff Joseph Pagan in this Fair Labor Standards Act case filed a settlement agreement (Doc. #41-1) and a statement explaining the basis for the agreement as required by Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).

       In reviewing the proposed settlement agreement, the Court has considered the following factors:

(i)     plaintiff's position that his best possible outcome, assuming all disputed facts are resolved in plaintiff's favor, would be a recovery of $19,277.22, and the $12,000 settlement amount represents "an eminently fair settlement amount" in light of his damages and the risk of a judgment in defendants' favor (Doc. #40 at ECF 2–3);

(ii)    both parties are represented by counsel;

(iii)   the settlement was reached with the assistance of a court-appointed mediator;

(iv)   the parties desire to resolve this action early and avoid the costs and uncertainty associated with drawn-out litigation;

(v)    plaintiff no longer works for defendants;

(vi)   the release of claims is mutual; and

(vii)  the non-disparagement clause is not one-sided and permits plaintiff to make truthful statements about this case.[1]

---

[1]     The non-disparagement provision (in paragraph 7 of the agreement) is not entirely mutual, because it does not apply to the corporate defendant, Alvin and Friends, LLC. The Court strongly prefers mutual non-disparagement clauses. However, because the provision allows plaintiff to make truthful statements, "the most critical element of a non-disparagement provision in a wage-and-hour settlement, it does not run afoul of the case law in this District with respect to non-disparagement clauses (many of which do approve one-way non-disparagement clauses as

Based on the foregoing, the Court finds the settlement agreement is fair and reasonable, and the product of arm's-length negotiation, not fraud or collusion.

Additionally, having reviewed the billing records and related information submitted by plaintiff's counsel, the Court finds the attorneys' fees, which are approximately one-third of plaintiff's net recovery, to be fair and reasonable under the circumstances.

## CONCLUSION

Accordingly, the parties' settlement agreement (Doc. #41-1) is APPROVED.

The Clerk is directed to close this case.

Dated: December 13, 2022
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

---

long as they have a carve out for truthfulness)." Mauricio v. Tiramisu Rest., LLC, No. 22-CV-2500 (JLC), 2022 WL 6806518, at *1 n.2 (S.D.N.Y. Sept. 30, 2022).